**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DIANE WARD, | ) | Case No. 1:26-cv-2505 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| GREENSKY, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION AND ORDER**

Plaintiff Diane Ward filed this action without a lawyer arising out of plumbing repairs at her house in August 2026. (*See* ECF No. 1, ¶ 1, PageID #7.) According to the complaint, plumbing technicians arrived at Ms. Ward's house and offered her financing to pay for their work. (*Id.*) Ms. Ward refused the financing and paid using five personal checks, totaling over $22,000. (*Id.*, ¶ 4, PageID #8.) A few days later, Ms. Ward received in the mail two fully executed installment loan agreements. (*Id.*, ¶ 5.) Defendants claimed that the agreements were actually just applications, and Ms. Ward contends that this paperwork was for loans that she did not authorize or use. She maintains that Defendants use a deceptive credit model. (*Id.*, PageID #4.)

In her complaint, Plaintiff asserts nine causes of action, all but one of which arises under State law. (*Id.*, PageID #11–13.) Also, she seeks declaratory and injunctive relief in addition to damages in excess of $75,000. (*Id.*, PageID #14.) Plaintiff invokes the Court's jurisdiction under 28 U.S.C. § 1331 "because the claims

arise under the laws of the United States, specifically federal consumer financial protection standards and the Dodd-Frank Act." (*Id.*, PageID #2.)

## JURISDICTION

The Court has an independent obligation to examine its own jurisdiction. *See, e.g.*, *Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) (citations and quotations omitted); *Mercurio v. American Express Centurion Bank*, 363 F. Supp. 2d 936, 938 (N.D. Ohio 2005).

### I. Federal Question Jurisdiction

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although Plaintiff invokes federal jurisdiction under the Dodd Frank Act, she does not assert a cause of action under that statute. Therefore, an unsupported invocation of that statute, without identifying a specific cause of action or statutory ground providing her a right to sue, fails to confer jurisdiction. Indeed, Plaintiff admits that the statute does not afford her a private right of action. (ECF No. 1, PageID #16.) Therefore, she may not seek the remedies she claims under the statute. (*Id.*, PageID #16–18.)

In her seventh cause of action, Plaintiff claims that Defendants' conduct violates a May 2026 multistate settlement, not otherwise identified, and the settlement in an administrative proceeding before the Consumer Financial Protection Bureau. (*Id.*, PageID #13 (citing *In re Greensky, LLC*, 2021-CFPB-0004 (July 12, 2021).) But Plaintiff identifies no provision of the consent order before the CFPB that gives her the ability to sue or to proceed under it. Indeed, even cursory review of that administrative consent order shows that involves recordkeeping and monitoring

requirements, payment of a civil penalty to the agency, and other terms that are typical of such administrative actions. The Court finds that the consent order affords Plaintiff no private right of action and does not confer jurisdiction for her to proceed in this action in federal court.

Finally, Plaintiff makes one reference to the "FTC Holder Rule," codified at 16 C.F.R. § 433.2. (ECF No. 1, PageID #4.) While this regulation requires certain disclosures that might be relevant here, the regulation does not confer a right of action or jurisdiction for Plaintiff to pursue her claims in federal court.

## II. Diversity Jurisdiction

"[F]or diversity jurisdiction to be proper under § 1332, no plaintiff and no defendant can be the citizen of the same state." *Tennial*, 2020 WL 2530872, at *1. A corporation, like Defendant, has the citizenship of its state of incorporation and its principal place of business. *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 956 (6th Cir. 2017). As a limited liability company, Plaintiff "has the citizenship of each of its members." *Tennial*, 2020 WL 2530872, at *1. Where the members of an LLC are individuals, citizenship is based on the person's domicile. *Id.* "'Domicile,' a legal term of art, requires that a person *both* be present in a state *and* have "the intention to make his home there indefinitely or the absence or an intention to make his home elsewhere." *Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) (quoting *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973)).

Here, Ms. Ward is a citizen of Ohio. (ECF No. 1, PageID #1.) Although the complaint does not identify the individual members of each limited liability company named as a defendant, each company is listed as an Ohio entity. As the party

invoking federal jurisdiction, Plaintiff bears the burden of establishing that the Court has subject matter jurisdiction. Based on the complaint, there is no reason to believe that each limited liability company has no Ohio members, making diversity jurisdiction unavailable. In any event, Plaintiff does not invoke diversity as a basis for subject matter jurisdiction.

## III. Supplemental Jurisdiction

The Court has supplemental jurisdiction over Plaintiff's State-law claims pursuant to 28 U.S.C. § 1367. Under federal law "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). This grant of jurisdiction brings all claims arising from a common nucleus of operative fact before the Court. *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 588 (6th Cir. 2016). Even then, a court "may decline to exercise supplemental jurisdiction" in certain circumstances. 28 U.S.C. § 1367(c). Supplemental jurisdiction "is a doctrine of discretion." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). To determine whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also James v. Hampton*, 592 F. App'x 449, 462– 63 (6th Cir. 2015) (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1882 (6th Cir. 1993)).

Section 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction where "(1) the claim raises a novel or complex issue of State

law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Because the Court determines that it lacks jurisdiction under 28 U.S.C. § 1331, and Plaintiff does not invoke and cannot establish 28 U.S.C. § 1332 as a basis for jurisdiction, the Court may, in its discretion, either retain jurisdiction over Plaintiff's State-law claims and proceed on the merits, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009), or decline jurisdiction and dismiss the complaint without prejudice to Plaintiff's right to pursue the remaining claims in State court. *See* 28 U.S.C. § 1367(c)(3).

"[G]enerally 'when all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the [S]tate law claims." *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 585 (6th Cir. 2011) (quoting *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)); *see also Juergensen v. Midland Funding, LLC*, No. 5:18-cv-1825, 2018 WL 5923707, at *2 (N.D. Ohio Nov. 13, 2018). Based on its review of the record, the Court declines to exercise its discretion to retain supplemental jurisdiction over Plaintiff's State-law claims.

## CONCLUSION

The Court determines that it lacks subject matter jurisdiction over this action. Therefore, the Court **DISMISSES** this action **WITHOUT PREJUDICE** to refiling in State court.

**SO ORDERED.**

Dated: September 28, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio